THE PORT OF NEW YORK AUTHORITY, PROSECUTOR, v.
CITY OF UNION CITY, DEPARTMENT OF REVENUE
AND FINANCE OF THE CITY OF UNION CITY, AND
WILLIAM F. MEEHAN, COMPTROLLER OF THE CITY
OF UNION CITY, DEFENDANTS.

Submitted January term, 1941—Decided May 17, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the prosecutor, *Russell E. Watson* (*Austin J. Tobin,
Daniel B. Goldberg* and *C. Thomas Schettino,* of counsel).

For the defendants, *James C. Agnew.*

PER CURIAM.

This writ was allowed to review certain assessments for the
year 1940 levied on property of the prosecutor, The Port of
New York Authority, by the taxing department of the defend-
ant City of Union City. The validity of the tax is chal-
lenged, the prosecutor taking the position that the property
acquired, as it admittedly was, for tunnel purposes, is exempt
by law from taxation. The prosecutor is a municipal cor-
porate instrumentality of the States of New York and New
Jersey and is a body corporate and politic established by com-
pact between the states, dated April 30th, 1921, pursuant to
chapter 151, *Pamph. L.* 1921 (*R. S.* 32:1-1, *et seq.; N. J.
S. A.* 32:1-1, *et seq.*), and chapter 154 of the Laws of New
York, 1921, which compact was ratified by resolution of the
Congress of the United States, public resolution No. 17—57th
Congress; that among the facilities, bridges and tunnels
operated and maintained by the prosecutor as the agent of
both states is the Lincoln Tunnel (formerly Mid-Town Tun-
nel). For the construction of that tunnel, and the approaches
thereto, it was necessary to acquire certain lands in the City

of Union City, New Jersey, which have been used for that purpose and the lands under consideration here are lands which were so acquired (and part of them used) for such purpose. Indeed certain of the properties in the list of those here assessed were intended when acquired as part of the approaches and right of way to the Lincoln Tunnel. But as the result of modification in design, made subsequent to their purchase, they were not so incorporated. Some of the lots acquired by the prosecutor were only in part used for tunnel approach purposes and the remainder of those lots was of course not so used because not needed; the prosecutor, however, deeming it more economical, purchased such lots, &c., in their entirety in preference to acquiring them in part and paying compensation for damages to the remainder. All of this is conceded.

Chapter 4, *Pamph. L.* 1931; *R. S.* 32:1-131 (there was identical legislation enacted in the State of New York) provided, among other things, that the Port Authority be regarded as performing an essential government function in undertaking the construction, maintenance and operation of bridges, tunnels, &c., in the Port of New York district, and shall be required to pay no taxes or assessments upon any of the property *acquired* or used by it for such purposes. The statute reads as follows:

"The construction, maintenance and operation of vehicular bridges and tunnels within the said Port of New York District (including the said Holland tunnel and the said Mid-Town Hudson tunnel), are and will be in all respects for the benefit of the people of the States of New York and New Jersey for the increase of their commerce and prosperity and for the improvement of their health and living conditions; and the port authority shall be regarded as performing an essential governmental function in undertaking the construction, maintenance and operation thereof and in carrying out the provisions of law relating thereto, and shall be required to pay no taxes or assessments upon any of the property acquired or used by it for such purposes."

No reason is advanced why this statute is not controlling and we perceive none. The assessments will therefore be canceled, with costs.